IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP PARKINSON, and<br>ANN PARKINSON<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>CHINA STEEL CORP., and<br>TUNG KENG ENTERPRISE CO. LTD.<br><br>　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO.  02-4342 |

## **ORDER**

　　AND NOW this ____ day of July, 2002, upon consideration of Defendant, China Steel Corporation's Motion for Remand, it is hereby **ORDERED** that:

　　1.  Defendant's Motion is **GRANTED**; and

　　2.  This case is **REMANDED FORTHWITH** to the Court of Common Pleas for Philadelphia County (No. 020202410).

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Charles R. Weiner, S.J.

DSB:859446.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP PARKINSON, and<br>ANN PARKINSON<br><br>    Plaintiffs,<br><br>    v.<br><br>CHINA STEEL CORP., and<br>TUNG KENG ENTERPRISE CO. LTD.<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 02-4342 |

## MOTION FOR REMAND

  Pursuant to 28 U.S.C. § 1447(c) defendant, China Steel Corporation ("CSC") hereby moves that this civil action be remanded to the Court of Common Pleas of Philadelphia County. In support thereof, CSC states:

  1. On June 24, 2002, plaintiffs, Phillip and Ann Parkinson filed a verified complaint against defendants CSC and Tung Keng Enterprise Co. Ltd in the Court of Common Pleas for Philadelphia County at No. 020202410.

  2. CSC filed a Notice of Removal on June 28, 2002, seeking to remove this action to federal court on the basis of diversity jurisdiction.

  3. CSC removed this action improvidently, as there is no diversity jurisdiction.

  4. As stated in CSC's Notice of Removal, plaintiffs are residents and citizens of England, and defendants, CSC and Tung-Keng Enterprise Co. Ltd., are Chinese corporations with their principal places of business in Taiwan.

  5. Diversity jurisdiction is not present where both plaintiff and defendant are citizens of foreign countries.  See Jackson v. Twentyman, 27 U.S. 136 (1829) ("[T]he judicial power [of

the federal courts] does not extend to private suits in which an alien is a party, unless a citizen be the adverse party."); <u>Field v. Volkswagenwerk AG</u>, 626 F.2d 293, 296 (3d Cir. 1980) ("[The] federal courts have consistently denied jurisdiction over suits between aliens.").

6. As CSC voluntarily and timely has acknowledged that its Notice of Removal was filed improvidently, plaintiffs have not been harmed or prejudiced in any way by defendant's actions. Accordingly, no costs or fees should be awarded under 28 U.S.C. § 1447(c).

                                                    Matthew A. White (No. 55812)
                                                    Malia N. Brink (No. 86749)

                                                    Attorneys for Defendants,
                                                    China Steel Corp.

Of Counsel:
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(215) 977-2000

Dated: July 5, 2002

DSB:859446.1

## **CERTIFICATE OF SERVICE**

I, Malia N. Brink, hereby certify that a true and correct copy of the foregoing Motion for Remand was served upon the following via first class mail:

        John J. Breen, Esquire
        790 Tree Lane
        West Chester, PA 19380
        Attorney for Plaintiffs Phillip and Ann Parkinson

        Tung Keng Enterprise Co. Ltd/D.K.City.
        No. 1 Lane 160 Sec. 2
        Tan Fu Road
        Tan Tzu Hsiang
        Taichung TAIWAN
        Defendant

_____
Malia N. Brink

Dated: July 5, 2002

DSB:859446.1